IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| QUINCY NELSON | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv3 |
| KEN PAXTON, ET AL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Quincy Nelson, an inmate confined at the Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

This civil rights action concerns allegations regarding plaintiff's conditions of confinement at the Eastham Unit, where plaintiff was previously confined. Plaintiff has filed a motion for preliminary injunction in which he asks the court to order that officials not interfere with his access to the law library and the medical department.

Analysis

A party seeking a preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if preliminary injunctive relief is not granted; (3) the threatened injury outweighs the threatened harm to the defendants and (4) the granting of relief will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006). Preliminary injunctive relief should be granted only if the party has

clearly carried the burden of persuasion as to all four elements. *Bluefield Water Association, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-253 (5th Cir. 2009).

Plaintiff complains about actions of employees at the Eastham Unit. However, he is no longer confined at that facility. Plaintiff's transfer to another prison unit has rendered his request for preliminary injunctive relief moot. *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). The motion for preliminary injunction should therefore be denied.

### Recommendation

Plaintiff's motion for preliminary injunction (doc. no. 42) should be denied.

### Objections

Objections to this report must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 29th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge